# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2021

Lyle W. Cayce
Clerk

No. 21-60274
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Donald Demario Patrick,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CR-88-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Donald Demario Patrick appeals the within-Guidelines sentence entered following revocation of the supervised release term imposed pursuant to his conviction for felon in possession of a firearm. He contends that the district court's revocation sentence is substantively unreasonable.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60274

We ordinarily review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in the light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir. 2005). We review a revocation sentence under the plainly unreasonable standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). If the sentence is unreasonable, we may set it aside only if the error was obvious under existing law. *Id.*

Patrick asserts that the district court improperly balanced the § 3553(a) factors against the extenuating evidence regarding his simple assault conviction and the effect a sentence of imprisonment would have on his family. However, he has made no showing that his sentence is the result of a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). His appellate argument is tantamount to a request that this court re-weigh the § 3553(a) factors, which we will not do. *See Gall*, 552 U.S. at 51. Patrick's mere disagreement with the propriety of the sentence imposed does not serve to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.